UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos.: 5:18-02595 PSG (ADS); 5:19-00022 PSG (ADS);   Date:  May 6, 2019
        5:19-00085 PSG (ADS); 5:19-00087 PSG (ADS); 5:19-00093 PSG (ADS);
        5:19-00454 PSG (ADS); 5:19-00587 PSG (ADS); 5:19-00607 PSG (ADS);
        5:19-00699 PSG (ADS); 5:19-00750 PSG (ADS); 5:19-00768 PSG (ADS);
        5:19-00769 PSG (ADS); 5:19-00774 PSG (ADS); 5:19-00776-PSG (ADS);
        5:19-00782 PSG (ADS); 5:19-00783 PSG (ADS); 5:19-00786 PSG (ADS);
        5:19-00791 PSG (ADS)

Titles: *David Sabino Quair, III v.  CDCR-HQ, et al.; David Sabino Quair, III v. Calif.
        State Prison-South Clinic-CIM, et al.; David Sabino Quair, III v. CSP-CIM-D
        Facility Program Office, et al.; David Sabino Quair, III v. CSP-CIM-D Facility
        Program Services, et al.; David Sabino Quair, III v. CSP-CIM-D Facility Program
        Services, et al.; David Sabino Quair, III v. United States of America Dept of Justice,
        et al.; David Sabino Quair, III v. California Correctional Peace Officers of CSP-CIM,
        et al.; David Sabino Quair, III v. CSP-CIM-Geo Inc (SAP), et al.; David Sabino Quair,
        III v. State of California Department of Corrections and Rehabilitation, et al.; David
        S. Quair v. CDCR-CSP-CIM-Warden-Appeals- Coor.- CCPOA, et al.; David Sabino
        Quair, III v. Chief, Inmate Appeals, et al.; David Sabino Quair, III v. State of
        California Department of Corrections, et al.; David S. Quair, III v. CDCR-CSP-CIM-
        Warden-Appeals-Coor-CCPOA, et al.; ; David S. Quair, III v. Chief, Inmate Appeals
        Branch, et al.David S. Quair, III v. Chief, Inmate Appeals Branch, et al.; David S.
        Quair, III v. Calif. Corr. Health Care Services – Health Care Corres. And Branch
        Appeals, et al.; David Sabino Quair, III v. CSP-CIM-T. Ledford, Appeals Coordinator,
        et al.; Davis S. Quair, III v. CDCR-CSP-CIM-Warden-Appeals Coor.-CCPOA, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  |  None Reported  |
|---|---|
| **Deputy Clerk** | **Court Reporter / Recorder** |

|  Attorney(s) Present for Plaintiff(s):  |  Attorney(s) Present for Defendant(s):  |
|---|---|
| None Present | None Present |

Proceedings:        **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASES
                    SHOULD NOT BE DISMISSED FOR FAILURE TO FILE
                    CERTIFIED TRUST ACCOUNT STATEMENTS**

        The Court has received eighteen civil rights complaints with requests to proceed
without prepayment of the filing fee from plaintiff David Sabino Quair.  Case Nos. 5:18-2595

**CIVIL MINUTES – GENERAL**

Case Nos.: 5:19-00699 PSG (ADS); et al.                    Date:  May 6, 2019

Titles: *David Sabino Quair, III v. State of California Department of Corrections and Rehabilitation, et al.; et al.*

PSG (ADS), 5:19-0022 PSG (ADS), 5:19-0085 PSG (ADS), 5:19-0087 PSG (ADS), 5:19-0093 PSG (ADS), 5:19-00454 PSG (ADS), 5:19-00587 PSG (ADS), 5:19-00607 PSG (ADS), 5:19-00699 PSG (ADS), 5:19-00750 PSG (ADS), 5:19-00768 PSG (ADS), 5:19-00769 PSG (ADS), 5:19-00774 PSG (ADS) , 5:19-00776-PSG (ADS), 5:19-00782 PSG (ADS), 5:19-00783 PSG (ADS), 5:19-00786 PSG (ADS), 5:19-00791 PSG (ADS).

If the Court grants these requests, Plaintiff will still be responsible for paying the full amount of the $400 filing fee for each of the eighteen cases filed.  28 U.S.C. § 1915(b).  If Plaintiff proceeds with all current complaints, Plaintiff will be responsible for paying a total of $7,200 in filing fees.  The Court will withdraw these fees from Plaintiff's trust account when there are funds in that account.  28 U.S.C. § 1915(b).

Also, a prisoner who files a civil complaint with a request to proceed without prepayment of the filing fee **must**, among other requirements, submit a certified copy of the prisoner's trust fund account statement for the 6-month period before the complaint was filed.  28 U.S.C. § 1915(a)(2).  If the prisoner does not attach a copy of his or her certified trust account statement, the Court must dismiss the case unless the prisoner pays the filing fee in full.

In every case Plaintiff has filed with the Court, Plaintiff has failed to attach a copy of the certified trust account statement.  <u>Plaintiff must obtain a copy of the certified trust account statement from prison officials and submit a copy of the certified trust account statement in each of Plaintiff's cases</u>.

In some of Plaintiff's cases, the request to proceed without prepayment of fees is missing other necessary information.  Plaintiff should review the instructions in the application to proceed without prepayment of fees and 28 U.S.C. § 1915.  <u>Plaintiff must include all of the information required for the Court to grant Plaintiff's request to proceed without prepayment of fees</u>.

Plaintiff is **ORDERED TO SHOW CAUSE by no later than June 3, 2019** why the Court should not recommend denial of the requests to proceed without prepayment of filing fees in all eighteen of the above-captioned cases for failure to establish indigency,

**CIVIL MINUTES – GENERAL**

Case Nos.: 5:19-00699 PSG (ADS); et al.                    Date: May 6, 2019
Titles: *David Sabino Quair, III v. State of California Department of Corrections and*
        *Rehabilitation, et al.; et al.*

including failure to attach a certified trust account statement.  Plaintiff may do so by providing a copy of the certified trust account statement from prison officials and any/all information required for the Court to grant Plaintiff's request to proceed without prepayment of fees.

If Plaintiff does not respond to this order by **June 3, 2019** with the necessary information, the Court will recommend denial of the requests, and Plaintiff will have thirty days to pay all filing fees in full or the cases will be dismissed.

Plaintiff is warned that if three of Plaintiff's complaints are dismissed by the court as frivolous or malicious, or for failure to state a claim, Plaintiff may not be able to file any future civil complaints without prepaying the filing fee in federal courts.  28 U.S.C. § 1915(g).

If Plaintiff no longer wishes to pursue one or all of these complaints, Plaintiff may file a voluntary dismissal of that specific complaint.  Fed. R. Civ. P. 41(a).  The Clerk is directed to provide Plaintiff with a blank Notice of Dismissal Form (CV-009).

**IT IS SO ORDERED.**

Initials of Clerk kh